511 A.2d 274

David A. Goodman, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued March 10, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS and BARRY, sitting as a panel of three.

*Rochelle S. Friedman,* for appellant.

*Regis J. Schnippert,* Assistant City Solicitor, with him, *Judith W. Spain* and *D. R. Pellegrini,* City Solicitor, for appellee.

*Beth L. Balzer,* for amicus curiae, ACLU of Pittsburgh.

OPINION BY JUDGE BARRY, June 26, 1986:

David Goodman, the appellant, appeals from an order of the Court of Common Pleas of Allegheny County which affirmed a decision of Robert Coll, Superintendent of Police of the City of Pittsburgh (Coll), denying appellant's application to renew his license to carry a firearm.

On May 8, 1984, the appellant made application for renewal of his license to carry a firearm, which had originally been issued in May of 1979, and had been reissued each year thereafter until the present application. The Legislature has decided that one may obtain such license if one can show that he or she is "a suitable person to be so licensed," 18 Pa. C. S. §6109(a), and that "the applicant has good reason for carrying a firearm." *Id.* Although the present application contained substantially the same factual allegations as were on the previous approved applications, Coll, by letter of May 10, 1984, denied the request because appellant had failed to prove he was a suitable person to hold a license. The denial letter also informed appellant of his right to request a hearing.

Appellant requested a hearing and one was held on June 7, 1984. Present were appellant and his counsel, Coll and a police legal advisor. When appellant asked if the legal advisor was present in the capacity of a hearing officer, Coll made clear that he was deciding wheth-

er appellant should be licensed. Appellant objected to this procedure, but proceeded nonetheless.

Coll was called as appellant's first witness. He was questioned about his decision to deny the present application. He explained his refusal to accept the allegations concerning appellant's fitness and need for the license, testifying that recent events had caused him to treat the present application differently from the previous ones. Appellant then testified in a manner consistent with the allegations contained in the application.

By letter of June 11, 1984, Coll informed appellant that he had reaffirmed his decision to deny the application because appellant had failed to prove either his fitness or need for the license. Appellant then took an appeal to common pleas court. Without taking any additional testimony, that court, professing both to exercising appellate review and hearing the matter *de novo,* affirmed. This appeal followed.

Appellant first argues he was denied due process by Coll's failure to provide a hearing officer to preside at the hearing. In essence, appellant alleges that Coll, in addition to being the adjudicator at the hearing, was also the prosecutor and a witness. Appellant argues that such an arrangement violates those cases which prohibit the commingling of different functions at administrative hearings. *E.g., Dussia v. Barger,* 466 Pa. 152, 351 A.2d 667 (1975) (commingling of adjudicatory and prosecutory functions so taints subsequent adjudication that further proceedings permanently enjoined).

We are not at all hesitant to state that any proceedings in which the adjudicator also acts as either a prosecutor or a witness violates due process. While these proceedings border on the bizarre, we cannot find any improper commingling by Coll. When reviewed and analyzed, one can conclude that Coll did no more than adjudicate the controversy. While he did testify, he

did so at appellant's behest. Further, when questioned, Coll did no more than explain his reasons for denying the present application. As the appellant bore the burden of proving he was entitled to the license, the questions posed by appellant's counsel and answered by Coll were more in the nature of an oral opinion explaining Coll's actions than testimony upon which an adjudication is premised. Further, there are no incidents in this record which would show that Coll was acting as a prosecutor. Appellant's first argument concerning improper commingling constituting a denial of due process is therefore without merit.

Appellant next argues that Coll's finding that he was not a suitable person for licensing is not supported by any properly admitted evidence in the record. Under Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b), which is applicable as was conceded by the City's assistant solicitor at oral argument, an adjudication must be affirmed unless it can be shown that (1) the applicant's constitutional rights have been violated, (2) an error of law has been committed or (3) any necessary factual finding is not supported by substantial evidence.

Coll admitted at the hearing that the evidentiary matters relied upon in determining that the appellant was not fit for a license were the contents of various police reports concerning an incident involving appellant. Appellant, who is a federally licensed firearms dealer, was arrested for shining a laser light from the scope of a rifle on pedestrians walking by his apartment. When police questioned appellant concerning the incidents, he became abusive with the police. He was arrested and charged with a number of offenses. All of the charges were eventually withdrawn prior to the preliminary hearing. Appellant moved to have this arrest record expunged and the request was granted. On the day before appellant filed his present application for

a license, he received an affidavit from City police indicating the record had, in fact, been expunged. Coll also relied upon an arrest of appellant for possession of prohibited offensive weapons in violation of 18 Pa. C. S. §908. The evidence upon which those charges were based had been suppressed. While the suppression question is presently on appeal, no trial has yet occurred on those charges.

Section 9102 of the Criminal History Record Information Act, 18 Pa. C. S. §9102, defines the term "expunge" as "to remove information so that there is no trace or indication that such information existed." Further, "criminal history record information" is defined in the same section as

> [i]nformation collected by criminal justice agencies concerning individuals, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and dispositions arising therefrom. The term does not include . . . investigative information. . . .

Appellant first argues that Coll improperly considered the police reports concerning the incidents involving the laser scope. Appellant argues that those reports were part of his criminal history record information and therefore were subject to the expungement order. The City argues those reports were investigative information and therefore not subject to the expungement order. For the following reasons, we need not decide whether these reports were, in fact, subject to expungement.

Coll, as previously mentioned, based his denial because of unsuitability on the arrest reports and the police reports concerning the incidents. These reports were in our view inadmissible hearsay. While Section 554 of the Administrative Agency Law, 2 Pa. C. S. §554, states that local agencies are not bound by technical

rules of evidence, findings based solely on hearsay cannot stand. *McCarthy v. Philadelphia Civil Service Commission,* 19 Pa. Commonwealth Ct. 383, 339 A.2d 634 (1975). The authors of the reports in question did not testify and we can find no independent corroborating evidence to support the necessary factual findings. We are therefore of the opinion that Coll's finding concerning appellant's lack of fitness cannot stand.[1]

The City finally argues that even if there is no evidentiary support for the finding concerning appellant's unfitness, the adjudication must nonetheless be affirmed as appellant failed to prove he had a need for the license. In his June 11, 1984 letter reaffirming his decision not to issue the license, Coll informed the appellant that he gave no good reason for fearing injury to either person or property. Appellant, however, testified that he carried large sums of money on his person. Coll never explicitly found that he disbelieved such testimony. The trial court, in allegedly exercising its *de novo* review, specifically found that it made no finding on appellant's need for self protection. Absent such an express finding somewhere in this record, considering the appellant's testimony, we cannot, in our appellate posture assume such a finding was implicitly made.

ORDER

Now, June 26, 1986, the October 4, 1984 order of the Court of Common Pleas of Allegheny County at No. SA 774-1984 is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[1] In addition, 18 Pa. C. S. §9124(b) prohibits the use of arrest records in denying any license where that arrest has not led to a conviction.